UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELE ROSE McINTOSH

    Plaintiff,                           CIVIL ACTION NO. 06-13054-DT

  v.

                                      DISTRICT JUDGE BERNARD A. FRIEDMAN
                                      MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
  _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work prior to December 31, 1985, when her insured status expired.

                                                                    *   *   *

     Plaintiff filed an application for Social Security disability insurance benefits on December 10, 2003, alleging that she had been disabled and unable to work prior to December 1985, at age 31, due to fatigue, weakness, headaches, dizziness, back pain and hypertension. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested <u>de novo</u> hearing was held on October 19, 2005, before Administrative Law Judge (ALJ) Alfred Varga. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work prior to December 31, 1985, when her insured

status expired. The Law Judge found that the claimant was unable to perform work requiring prolonged standing or walking. He further determined that the claimant was limited to simple, routine tasks in relatively low stress environments. The Administrative Law Judge also found that Plaintiff could not climb or drive, and she could not be exposed to hazardous machinery or unprotected heights.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment[1] and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff appeared at the administrative hearing without counsel, but she waived her right to representation (TR 243).  She was 31 years old at the time her insured status expired.  She had been graduated from high school and had completed one year of college. The claimant had been employed as a payroll clerk for a large department store, but she had not worked since 1980 (TR 65, 243-244).  As a payroll clerk, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 66-67, 244-245).

Claimant stopped working in May 1980, in order to start a family (TR 245). Plaintiff testified that, a few years later, she began to suffer from chronic fatigue and muscle weakness (TR 246).  She also started to experience muscle pain, periodic dizziness and

---

[1]Plaintiff, who was not represented by counsel, also wrote a typed written response to Defendant's Motion for Summary Judgment on December 4, 2006, outlining her arguments for disability benefits.

frequent headaches (TR 246). She stated that her doctor eventually diagnosed rheumatoid arthritis in 2000, when her joints started "freezing up" (TR 248). Plaintiff explained that she was not given any medications to help alleviate her joint pain, but she was prescribed Valium to help with anxiety (TR 251). The claimant remembered that she was still able to stand for upwards of two hours at a time prior to December 1985. She also recalled having no trouble sitting for prolonged periods during that time (TR 253). Plaintiff depended on her husband to do most of the household chores, but she was able to drive short distances and do some cooking before her insured status expired (TR 253-254).

A Vocational Expert, Michael Rosko, classified Plaintiff's past work as sedentary to light, semi-skilled activity, which imparted some transferable skills (TR 258). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 259). If she were capable of sedentary work prior to December 1985, there were numerous unskilled assembly, packaging, sorting and visual inspection jobs that Plaintiff could perform with minimal vocational adjustment (TR 260). These jobs were primarily performed while in a seated position, but allowed for occasional standing to relieve any fatigue (TR 282). They involved simple, routine tasks consistent with a moderate limitation in maintaining attention and concentration for extended periods of time. These jobs were not fast paced, and did not require any climbing, driving or exposure to dangerous machinery or work at unprotected heights (TR 260).

---

[2]The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down every day would preclude all work activity (TR 259).

3

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of rheumatoid arthritis, but that this condition was not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's joint pain precluded her from performing jobs requiring prolonged sitting, standing or walking. He further found that Plaintiff was limited to simple, routine tasks performed in relatively low stress work environments.  The Law Judge determined that the claimant retained the residual functional capacity to perform a reduced range of sedentary work within those limitations prior to December 31, 1985, when her insured status expired.  The jobs identified by the Vocational Expert were not considered to be fast paced or to require lifting more than ten pounds on a regular basis.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536. If the Commissioner's decision is

supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 1985, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled prior to December 31, 1985, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity during the relevant period for a restricted range of sedentary work that was not fast paced, and did not require the lifting of more than ten pounds on a regular basis. The medical evidence, as a whole, failed

to provide objective support for Plaintiff's allegations of severe and totally disabling pain prior to December 31, 1985, when her insured status expired.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of totally disabling symptoms related to rheumatoid arthritis. The claimant has submitted virtually no medical evidence to corroborate her claim that she could not work prior to December 1985. The record contains only three pages of medical evidence from the relevant time period. The first is a two page lab report, dated October 4, 1983, which indicates the result of a blood test (TR 83-84). The third page is a report of a chest X-ray, also dated October 1983, which was normal (TR 85).

The record did contain medical evidence showing that Plaintiff had significant functional limitations secondary to advanced rheumatoid arthritis, bilateral knee problems and lumbar disc disease (TR 93, 102, 115-119, 124, 128-129, 149-177). This evidence, however, post-dated the expiration of claimant's insured status by at least fifteen years. Since the evidence did not illuminate claimant's health before the expiration of insured status, it cannot be considered material to her disability claim. Dr. Richard Utarachitt, claimant's long time treating physician, stated in letter dated February 21, 2004, that Plaintiff was disabled and unable to engage in gainful work activity (TR 177). Moreover, Dr. Steven Hudock reported in March 2004, that the claimant suffered from "advanced, disabling rheumatoid arthritis" (TR 173). Even if these assessments are accepted as true, they were properly given no weight by the ALJ since they did shed light on claimant's physical and mental health prior to December 1985.

Plaintiff attached to her Motion for Summary Judgment a letter from Dr. Utarachitt, dated September 11, 2006, which indicated that the claimant had disabling symptoms "well

before December 21, 1985." In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the newly submitted letter from the treating doctor could not be considered by the undersigned.

Given the lack of objective clinical evidence of disability during the relevant period, the Law Judge could reasonably find that Plaintiff's chronic fatigue and pain symptoms did not prevent her from performing a reduced range of sedentary work prior to the expiration of her eligibility for disability benefits on December 31, 1985. The ALJ reasonably accounted for claimant's periodic joint pain and fatigue by restricting her to slow paced sedentary work that did not require lifting more than ten pounds on a regular basis. He also limited claimant to simple, routine tasks performed in relatively low stress work environments (TR 20). In light of the total lack of evidence of disability during the relevant period, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms prior to December 31, 1985, were not fully credible.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        s/Donald A. Scheer  
                                                        DONALD A. SCHEER  
                                                        UNITED STATES MAGISTRATE JUDGE

DATED: December 27, 2006

_____

## CERTIFICATE OF SERVICE

I hereby certify on December 27, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 27, 2006.  **Michele Rose McIntosh.**

                                                 s/Michael E. Lang  
                                                 Deputy Clerk to  
                                                 Magistrate Judge Donald A. Scheer  
                                                 (313) 234-5217